The plaintiff, Jeffrey Dickerson, brought this action in Superior Court for breach of contract and related claims after the defendant, Massachusetts Mutual Life Insurance Company (MassMutual), refused to pay out to him the proceeds of a life insurance policy. Following the entry of summary judgment in favor of MassMutual, the plaintiff appealed. We affirm.
Background. Since 2001, the plaintiff's wife had been a covered insured on a rider to the plaintiff's life insurance policy with MassMutual. At the request of the plaintiff and his wife, the rider was converted to a stand-alone policy in February, 2013. This policy insured the life of the plaintiff's wife and named the plaintiff as the sole beneficiary. The plaintiff's wife was to make quarterly premium payments to keep the policy in force. The policy provided a death benefit if the insured died while the policy was in force, but would terminate without value if MassMutual did not receive payment of the required amount by the end of a grace period. The policy stated: "We will send a written notification to you if the policy enters the Grace Period."
The plaintiff's wife paid the initial premium in March, 2013, but made no other payments. In August, 2013, the plaintiff separated from his wife and moved out of the home. In May, 2014, MassMutual notified the plaintiff's wife that the policy had entered a grace period and would terminate if payment were not received by July 21, 2014. As MassMutual did not receive any further payment, it sent a further notice to the plaintiff's wife, confirming that the policy had been terminated as of July 21, 2014.
The plaintiff's wife died on September 7, 2014. Subsequently, with the aid of his independent insurance broker, the plaintiff made several requests of MassMutual to reinstate the 2013 policy and pay his claim; MassMutual refused.
Discussion. We review the grant of summary judgment de novo. See Surabian Realty Co. v. NGM Ins. Co., 462 Mass. 715, 718 (2012). Summary judgment is appropriate if, viewing the facts in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the undisputed facts establish that the moving party is entitled to judgment in its favor. Id.
The plaintiff does not dispute the facts. Instead, he argues that the judge erred in allowing summary judgment in favor of MassMutual, because the undisputed facts establish that MassMutual breached its obligation to provide notice to him and his broker that the policy was entering a grace period. The plaintiff contends that the MassMutual promise in the policy to provide notice to "you" refers, not only to his wife, but also to the plaintiff and the broker who signed the application (converting the policy into a stand-alone one). Putting aside the fact that this theory was never placed before the motion judge, we concur with the judge that the term "you" unambiguously refers to the plaintiff's wife, as the owner of the policy. See Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275, 281 (1997) (where terms of policy are unambiguous, they must be given their usual and ordinary meaning).
Although the term "you" is undefined, the policy identifies the parties to the policy as "us" (MassMutual) and "the Owner." Indeed, in the consolidated statement of facts, the plaintiff himself substituted "the Owner" for "you" in citing the notification provision of the policy. Additionally, the term "you" is used throughout the policy; construing the term to refer to the plaintiff, his wife, and their broker in each of these instances would lead to a nonsensical interpretation.[3] See Cadle Co. v. Vargas, 55 Mass. App. Ct. 361, 366 (2002) (common sense is as much part of contract interpretation as arsenal of canons).
Nevertheless, in support of his argument on appeal that "you" also refers to him, the plaintiff argues that he was not effectively removed as an owner of the policy during the 2013 conversion.[4] Again, this argument was not placed before the motion judge and is therefore waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue not raised or argued below may not be argued for first time on appeal).
In support of his argument that "you" also refers to the broker, the plaintiff argues that MassMutual's custom and practice of notifying the broker when payments were late was incorporated into the policy. Although custom and practice may assist in policy interpretation, it may not be used to contradict or vary the terms of a policy. See Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 428 (1995). As the motion judge noted, MassMutual's obligation to notify "you" (i.e., the owner), could not reasonably be construed as an obligation to also notify the broker. Any incorporation of a past practice of notifying the broker would vary the terms of the policy. Additionally, the policy itself indicates that "[t]he entire contract consists of the policy, which includes the application and any rider(s) and endorsement(s) the policy has." The motion judge therefore correctly rejected the plaintiff's argument and ruled in favor of MassMutual on the breach of contract claim.
We agree with the motion judge that the plaintiff's remaining claims were dependent on the validity of the breach of contract claim or upon some misrepresentation by MassMutual which the plaintiff failed to establish.[5] See Surabian Realty Co., 462 Mass. at 723.
Judgment affirmed.

For example, the policy states that "[w]e will notify you if you fail the Guaranteed Death Benefit Safety Test and this policy will lapse." The plaintiff's interpretation would read this provision to require the life insurance beneficiary and the broker to meet the test in order to keep the policy in force.

The plaintiff argues that his required signature of consent is missing from the version of the insurance application submitted on summary judgment. In response to this argument, MassMutual moved to expand the record to include what it characterizes is a "fully executed" application. The plaintiff countered that any expansion of the record to include a second version of the application should also include a third version. As we decline to address this issue raised for the first time on appeal, we deny that portion of MassMutual's motion to expand the record seeking to include any other version of the application. We allow, however, the portion of the motion seeking to expand the record to include the complaint, answer, and consolidated statement of material facts.

MassMutual's request for appellate attorney's fees and double costs is denied.